IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COURTNEY JERMAINE GALLOWAY                                    PLAINTIFF

VS.                                            CIVIL ACTION NO. 4:12cv199-FKB

MTC, Inc., et al.                                              DEFENDANTS

ORDER

    Plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983

challenging the conditions of his confinement and alleging denial of due process in a

prison disciplinary hearing.  A *Spears*[1] hearing has been held, and Defendants have filed

a motion for partial summary judgment.  Having considered the complaint, Plaintiff's

testimony at the hearing, and Defendants' motion, the Court concludes that the motion

should be granted and that this action should be dismissed.

    A portion of Plaintiff's complaint concerns the conditions under which he was

housed in administrative segregation for approximately twenty months at East Mississippi

Correctional Facility.  Defendants have filed a motion for partial summary judgment based

upon Plaintiff's failure to exhaust his administrative remedies as to these claims.   The

applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e),

requires that an inmate bringing a civil rights action in federal court first exhaust his

administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion

requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516,

122 S. Ct. 983, 992 (2002).  The requirement that claims be exhausted prior to the filing of

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  The evidence is undisputed that as of December 18, 2012, the date of the filing of the instant action, Plaintiff had failed to complete the administrative remedies process as to these claims.  Defendants' motion is granted and, and these claims are dismissed without prejudice.

Plaintiff's remaining claims concern an RVR he received for attempted escape. Plaintiff was found guilty on the RVR and was placed in administrative segregation.  He claims that he should not have been found guilty on the RVR and that the disciplinary process violated his rights to due process.

A prisoner's challenge to a prison disciplinary proceeding is limited to situations where a denial of due process implicates a constitutionally-protected interest, such as liberty.  *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  Placement in administrative segregation does not implicate a liberty interest because it does not pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).   For this reason, Plaintiff's claim regarding the RVR fails as a matter of law.

Accordingly, Plaintiff's claims regarding the conditions of his confinement will be dismissed without prejudice.  Plaintiff's challenge to his RVR will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).  A separate judgment will be entered.

SO ORDERED this the 8th day of October, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE